## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICIA J. WEISS and PHILIP PARISI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRIEDMAN REALTY GROUP, INC., d/b/a | : | |
| WILLOWYCK APARTMENTS, | : | |
| FLEURCO-US, INC. and MATADOR | : | |
| CONTRACTORS, LLC | : | NO. 20-3671 |

### MEMORANDUM

Savage, J.                                                        September 11, 2020

In removing this action from the state court, defendant Fleurco-US, Inc. ("Fleurco") contends that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441(a).  Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Because the removing defendant has not shown there is complete diversity, we shall remand this action.

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating that the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017) (citation omitted).  Additionally, removal statutes are strictly construed against removal, and all

doubts are resolved in favor of remand.  *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

According to the complaint, plaintiff Alicia Weiss was injured when the sliding glass shower door in the bathroom of her apartment came off its track, hit the shower floor and shattered.[1]  She claims that as a result of the door malfunction, she suffered lacerations and injuries to her legs, feet, hands, and left shoulder, requiring surgeries on her left wrist and right ankle.[2]  She and her husband, Philip Parisi, who are citizens of Pennsylvania, have sued three defendants: Friedman Realty Group, Inc. ("Friedman Realty"), the owner and manager of the apartment building; Fleurco, the manufacturer of the shower door; and Matador Contractors, LLC ("Matador"), the contractor who installed the door.  They assert negligence claims against all defendants and a strict liability claim against Fleurco. Parisi asserts a loss of consortium claim.[3]

Fleurco avers that there is complete diversity between the plaintiffs and all defendants.  In its notice of removal, it alleges that it is a corporation "headquartered and with a principal place of business located" in Mount Laurel, New Jersey; Friedman is a corporation "headquartered and with a principal place of business located" in Gibbsboro, New Jersey; and Matador is a limited liability company "headquartered and with a principal place of business located" in Blackwood, New Jersey.[4]  In Friedman's consent

---

[1] Compl. (Doc. No. 1-4) ¶¶ 20-21.

[2] *Id.* ¶¶ 21-23.

[3] *Id.* ¶¶ 1-5, 14.

[4] Not. of Removal ¶¶ 4-8.

2

to removal, it avers that it is "a New Jersey corporation with a principal place of business" in New Jersey.[5]  In Matador's consent to removal, it describes itself merely as "a New Jersey limited liability company."[6]

Fleurco, as the proponent of diversity jurisdiction, has failed to establish complete diversity of citizenship.  It has not adequately alleged its own citizenship.  A corporation is a citizen of both the state of its incorporation and the state where its principal place of business is located.  *GBForefront*, 888 F.3d at 34 (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  Fleurco alleges its principal place of business is in New Jersey, but does not allege its state of incorporation.  Consequently, we cannot determine if Fleurco is incorporated in a state other than Pennsylvania, rendering its citizenship diverse from the plaintiffs.[7]

Nor has Fleurco adequately alleged the citizenship of Matador, a limited liability company.  For purposes of establishing jurisdiction, a limited liability company is treated as a citizen of every state in which its members are citizens.  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 102, 105 (3d Cir. 2015); *GBForefront*, 888 F.3d at 34 (citing *Zambelli*, 592 F.3d at 420).

When a limited liability company is the proponent of diversity jurisdiction, it must plead the citizenship of each of its members.  Because the membership of a limited liability

---

[5] Friedman's Consent to Removal (Doc. No. 1-6 at ECF 2) ¶ 2.

[6] Matador's Consent to Removal (Doc. No. 1-6 at ECF 1) ¶ 2.

[7] Fleurco also fails to allege the state of Friedman's incorporation.  But, in its consent to removal, Friedman avers that it is "a New Jersey corporation with a principal place of business" in New Jersey. Friedman's Consent to Removal ¶ 2.

3

company or other unincorporated association[8] is often not publicly available and may be known only to the defendant, a plaintiff asserting diversity jurisdiction need not plead the citizenship of each of the members of a defendant limited liability company.  She need only perform a reasonable investigation.  *See Lincoln Ben. Life Co.*, 800 F.3d at 107-08 & n.31.  When the plaintiff is a limited liability company in a diversity case, it must plead the citizenship of each of its members because it has the information regarding its members' citizenship.  *Id.* at 108 & n.36 (where a limited liability company is the proponent of diversity jurisdiction, because it "is in the best position to ascertain its own membership," there is "no reason to excuse it of its obligation to plead the citizenship of each of its members.").  When a defendant limited liability company removes an action on the basis of diversity jurisdiction, it must plead the citizenship of each of its members because it is the proponent of diversity jurisdiction and has that information in its possession.

Here, although Matador did not file the removal notice, it had an obligation to plead the citizenship of its members in its consent to removal.  Likewise, when Fleurco obtained Matador's consent to join in the removal, it had an obligation to assure that the citizenship of each of Matador's members was diverse from the plaintiffs' before asserting diversity in its notice of removal.

As the proponent of diversity jurisdiction, Fleurco has the burden of establishing jurisdiction.  *In re Lipitor Antitrust Litig.*, 855 F.3d at 150.  Nowhere in the complaint or in

---

[8] For purposes of determining diversity jurisdiction, a limited liability company is a type of unincorporated association.  *See In re Lipitor Antitrust Litig.*, 855 F.3d at 150 (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016)).  Thus, rules that apply to unincorporated associations apply to limited liability companies.

the notice of removal is the citizenship of Matador's members alleged.  In its consent to removal, on which Fleurco relies to establish diversity of citizenship, Matador fails to identify its members and their states of citizenship, describing itself merely as a New Jersey limited liability company.  Therefore, we cannot conclude that its members are citizens of states other than Pennsylvania.

Because we cannot determine the citizenship of Fleurco and Matador, we cannot conclude that there is diversity of citizenship.  Therefore, in the absence of subject matter jurisdiction, we shall remand this case.